———o———

### 5358.

(Court of Appeal, Parish of Orleans).

## MAURICE FEITEL vs. NEW ORLEANS FOUNDRY AND IRON COMPANY.

An action to rescind a donation for the non-execution of a condition imposed upon the donee is prescribed where more than ten years have elapsed since the donee failed to fulfill his obligation.

Appeal from the Civil District Court, Division "A."

Sol. Wolff, for plaintiff and appellant.

A. A. Moreno, C. J. Theard, for defendant and appellee.

GODCHAUX, J.—Plaintiff sued to recover the ear-

nest money deposited by him to bind an agreement of promise of sale on the ground that the title of the property he agreed to purchase of defendant is defective and he appeals from a judgment dismissing his suit.

The ground of attack upon the title is that the property which was donated in 1849 to the Roman Catholic Bishops of New Orleans, from whom defendant's title is derived, has reverted to the donors for failure of the donees to comply with the condition of the donation to the effect that there should be erected thereon, within five years, "a church or chapel or any other establishment of public utility, at the choice of the donees, for the benefit of the catholics of this city."

It is proved that, within the delay specified, a church and parochial school were erected and that the property continued to be devoted to religious purposes until sometime between 1876 and 1885, when this use ceased and that thereafter the property has since been used exclusively for private commercial purposes.

Upon these facts the lower court maintained defendant's plea that the donors had, by lapse of time, lost all right to rescind the donation for breach of condition.

This conclusion appears to be correct. **Revised Civil Code, 1567,** provides that the action to rescind a donation for non-execution of the conditions imposed upon the donee, "is subject only to the usual prescription, which runs only from the day that the donee ceased to fulfill his obligation."

Actions of rescission prescribe in five years under **Revised Civil Code, 3542 or** in ten years under **Revised Civil Code, 2221;** and it is needless to determine which article is applicable, for in the present instance more than ten years have elapsed since the fulfillment of the condition has ceased.

The judgment appealed from is correct and it is accordingly affirmed.

Dufour, J., takes no part, not having heard argument.

June 7, 1911.

———o———

5351.

(Court of Appeal, Parish of Orleans).